UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES**                                    **CRIMINAL ACTION**

**VERSUS**                                           **NO. 09-317**

**RUDY CABRERA**                                     **SECTION "B"**

## OPINION

In the instant motion, the defendant, Rudy Cabrera, filed with this court a motion to quash and dismiss the indictment of the United States for prosecutorial misconduct. (Rec. Doc. No. 278).

On October 1, 2009, the United States government filed an indictment against Rudy Cabrera alleging in Count One that Cabrera conspired with intent to distribute five hundred grams of methamphetamine. (Rec. Doc. No. 1 at 1-2). On April 7, 2010, Cabrera appeared for rearraignment and entered a plea of guilty. (Rec. Doc. No. 94). On March 2, 2011, Cabrera was sentenced by the court to two hundred and forty months imprisonment and a judgment was entered in the record. (Rec. Doc. Nos. 237 & 238). On December 2, 2011, Cabrera filed a motion to Quash the Indictment. (Rec. Doc. No. 278).

The defendant contends that the indictment should be quashed because of prosecutorial misconduct. Specifically, he argues that the Assistant U.S. Attorney forged the signature of

the grand jury foreperson. He offers no evidence in support of his claim and instead relies on his own conclusory assertions. He also makes a broad accusation of ineffective assistance of counsel, yet, points to no specific events or actions in support of his claim. Notably, defendant has also filed a notice of appeal, Rec. Doc. No. 240, and the record has been sent to the Circuit, Rec. Doc. No. 271. In our opinion, defendant's instant motion is not properly before the court in view of the pending appeal. However, we offer the following observations.

**I. Forged Indictment**

"The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *U.S. v. Mechanik*, 475 U.S. 66, 75 (1986). The petitioner has only offered his own conclusory statement that he believes the signature of the grand jury foreperson was forged. The petitioner has offered no basis to assert this claim. For these reasons, the petitioner's motion to quash the indictment is subject to dismissal because it fails to rebut the presumption of regularity accorded to the grand jury process.

**II. Ineffective assistance of Counsel**

"A claim of ineffective assistance of counsel requires a particularized showing of an identifiable lapse in the performance of the attorney." *Hamilton v. McCotter*, 772 F.2d

171, 182 (5th Cir. 1985). An attorney's conduct is reviewed under a "highly deferential" standard where the conduct in question must fall "outside the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 668, 690 (1984). This "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "It is the accused's burden to establish that the particular lapse was prejudicial, that there is 'a reasonable probability' that but for the error the ultimate result would have been different." *Hamilton* 772 F.2d at 182. The accused must "show how specific errors of counsel undermined the reliability of the finding of guilt." *U.S. v. Cronic*, 466 U.S. 648, 659 (1984).

Here the petitioner has not made any particularized showing of an identifiable lapse in the performance of his attorney. Instead, the petitioner only offers a conclusory statement that his attorney was generally ineffective. This fails to state a valid claim for ineffective assistance of counsel. "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983). Moreover, there can be no habeas relief here without first an exhaustion of available appellate review.

Accordingly, the motion to quash and dismiss the indictment is **DISMISSED** in view of the pending appeal and above

observations.

New Orleans, Louisiana, this 26th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE